UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ATLANTIC RECORDING CORPORATION, a
Delaware corporation; CAPITOL RECORDS,
INC., a Delaware corporation; WARNER BROS.
RECORDS INC., a Delaware Corporation;
VIRGIN RECORDS AMERICA, INC., a
California corporation; BMG MUSIC, a New
York general partnership; UMG RECORDINGS,
INC., a Delaware corporation; INTERSCOPE
RECORDS, a California general partnership; and
SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership,

                        Plaintiffs,

                v.

DOES 1-3,

                        Defendants.
_____

DECISION AND ORDER

05-CV-6274L

      Plaintiffs are record companies and members of the Recording Industry Association of America, Inc. ("RIAA") and have commenced this action for copyright infringement alleging that defendants, Does 1-3, have used online media distribution systems to download and distribute copyrighted recordings. Plaintiffs seek statutory damages, attorneys fees and costs, as well as injunctive relief pursuant to 17 U.S.C. §§ 502, 503, 504(c), and 505.

Plaintiffs now move, *ex parte*, for leave to take immediate discovery by serving a subpoena, under FED. R. CIV. P. 45 on a non-party defendant, The Rochester Institute of Technology ("RIT"). I find that plaintiffs have made a sufficient showing of entitlement to this expedited discovery. Plaintiffs may obtain the Internet Service Provider ("ISP") identifying information from RIT in accordance with the Court's instructions set forth below.

IT IS ORDERED THAT

- Plaintiffs' motion for expedited discovery is GRANTED.
- Plaintiffs may serve immediate discovery on RIT to obtain the identity of each Doe defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including the name, school address, permanent home address, telephone number, e-mail address, and Media Access Control addresses for each Doe defendant.
- The subpoena shall be returnable **on or after June 29, 2005.**
- Plaintiffs shall serve a copy of this Court's Order along with the subpoena on RIT.
- Service on RIT through its attorneys, Nixon Peabody LLP, Clinton Square, Rochester, New York, shall be deemed sufficient.
- RIT shall have until **June 17, 2007**: (1) to notify each Doe defendant that it intends to disclose the requested ISP identifying information to plaintiffs, and (2) to send to each Doe defendant a copy of the

- subpoena and this Court's Order, through electronic means or otherwise.

- If RIT or any of the Doe defendants wish to move to quash the subpoena, they must do so **on or before June 27, 2005.** Such motions must be directed to this Court with reference this case at 100 State Street, Rochester, New York 14614.

- RIT shall not destroy any of the ISP identifying information from its databases until it has complied with the subpoena in full or upon further order of the Court.

- The information disclosed to plaintiffs in response to the Rule 45 subpoena will be used by plaintiffs solely for the purpose of protecting their rights under the Copyright Act.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 31, 2005.